# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERRIGO COMPANY, | No. 1:17-CV-01778 |
| Plaintiff. | (Judge Brann) |
| v. | |
| INTERNATIONAL VITAMIN COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

## JANUARY 28, 2019

Perrigo Company moved to dismiss some of the counterclaims raised by the International Vitamin Corporation. That motion will be denied.

### Background

Perrigo manufactures over-the-counter pharmaceutical products.[1] On June 17, 2016, it sold one of its product lines to International Vitamin.[2] The terms of that sale were memorialized in an Asset Purchase Agreement.[3]

---

[1] Amended Complaint (ECF No. 6) ¶ 1.

[2] *Id.* ¶ 6.

[3] *Id.* ¶ 6; Asset Purchase Agreement (ECF No. 34).

At the time of the sale, there was a class action suit pending in California that related to one of the products in the transferred product line.[4] Under the terms of the Agreement, International Vitamin agreed to assume all future liability arising from that matter.[5] After the class action suit resolved, however, International Vitamin refused to do so.[6] This lawsuit followed.

After Perrigo filed a complaint alleging that International Vitamin had breached its contractual indemnification duties, International Vitamin responded with several counterclaims.[7] In those counterclaims, International Vitamin alleged that, prior to the sale, Perrigo told International Vitamin that the class action plaintiffs had offered to settle for "a few hundred thousand dollars," when in fact those plaintiffs had never offered to settle for less than two million dollars.[8] International Vitamin also alleged that, during negotiations, Perrigo failed to disclose several hundred thousand dollars in "store allowance fees" charged by one of the customers of the transferred product line.[9] These two acts, International Vitamin argued, were deliberate misrepresentations or intentional concealment of

---

[4] Amended Complaint ¶ 10.
[5] *Id.* ¶ 12.
[6] *Id.* ¶ 18-19.
[7] Amended Answer with Counterclaims (ECF No. 29).
[8] *Id.* ¶¶ 59-65.
[9] *Id.* ¶¶ 66-77.

the truth, and as such, constituted actionable torts—specifically, fraud and intentional concealment.[10] International Vitamin also included a breach of contract counterclaim for Perrigo's alleged failure to disclose certain liabilities at closing, in violation of the Asset Purchase Agreement.[11] Perrigo moved to dismiss the tort-based counterclaims on November 29, 2018.[12]

Discussion

Perrigo argues that International Vitamin's tort claims are really breach of contract claims in disguise and are therefore barred by Delaware law.[13] Perrigo approaches this argument from two angles.

First, Perrigo argues that the damages alleged in the tort claims are duplicative of the damages alleged in the breach of contract claim.[14] This Court disagrees. In its breach of contract claim, International Vitamin alleges that Perrigo breached the

---

[10] *Id.* ¶¶ 78-92.

[11] *Id.* ¶¶ 93-97.

[12] ECF No. 32. Perrigo's previous motion to dismiss, ECF No. 21, became moot when International Vitamin amended its counterclaims on November 8, 2018, and will therefore be dismissed on that ground.

[13] *See, Pinkert v. John J. Olivieri, P.A.*, 2001 WL 641737 at 5 (D. Del. May 24, 2001) ("As a general rule under Delaware law, where an action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of an independent duty imposed by law, a plaintiff must sue in contract and not in tort.").

[14] *Khushaim v. Tullow, Inc.*, 2016 WL 3594752 at *6 (Del. Super. Ct. June 27, 2016) (dismissing a fraud claim where the claimed damages were "a copy-and-paste recitation of the[] contract damages," and where the plaintiff "fail[ed] to separate the damages incurred by any alleged fraudulent conduct from those incurred by any alleged breach of contract").

Asset Purchase Agreement by failing to disclose certain outstanding liabilities at closing (some of which happened to be outstanding "store allowance fees" mentioned above), which—because of a specific provision in that agreement—caused International Vitamin to overpay Perrigo by the exact amount of those undisclosed liabilities.[15] The alleged contractual damages, then, are the exact amount of those undisclosed liabilities. In its tort claims, by contrast, International Vitamin alleges that Perrigo, through fraud or intentional concealment, caused International Vitamin to agree to an inflated overall price for the transferred business. The alleged tort damages, then, are the exact amount the "true" price was inflated by Perrigo's deception. Though all claims rest on International Vitamin's dissatisfaction with paying too much for the transferred business, the tort and breach of contract claims seek to recover separately overpaid amounts.

Second, Perrigo argues that any duty owed to International Vitamin by Perrigo arose solely from the Asset Purchase Agreement. This Court disagrees. It is true that a tort claim cannot be based solely on a violation of a contractual duty.[16] The law itself, however, imposes a number of independent duties on private actors in our

---

[15] See Asset Purchase Agreement ¶ 2.7(e) ("If the final Purchase Price Adjustment Statement discloses that Closing Net Working Capital is less than the Estimated Net Working Capital, then the Purchase Price shall be reduced on a dollar-for-dollar basis by the amount of such deficit.").

[16] *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945 at *8 (Del. Super. Ct. June 6, 2012) ("To be viable, the tort claim must involve violation of a duty which arises by operation of law and not by the mere agreement of the parties.").

society.¹⁷  And it is the alleged breach of these legal duties upon which International Vitamin's tort claims are based.¹⁸

Next, Perrigo argues that International Vitamin's tort claims are barred by § 4.28 of the Asset Purchase Agreement.  This Court disagrees.  It is true that § 4.28 states (1) that "the purchased assets are transferred 'as-is where-is'"; (2) that there was "no representation or warranty . . . with respect to . . . the purchased assets . . . [or] any information provided or made available to [International Vitamin] in connection with the" sale; and (3) that "all other representations or warranties are hereby expressly disclaimed."¹⁹  Another provision of the contract, however—which this Court cannot treat as "mere surplusage"²⁰—explicitly reserves International

---

¹⁷ *OC Tint Shop, Inc. v. CPFilms, Inc.*, 2018 WL 4658211 at *5 (D. Del. Sept. 27, 2018) ("[I]f an alleged contractual breach is accompanied by the breach of an independent duty imposed by law, the same factual assertions may support both a breach of contract and tort claim.").

¹⁸ *OC Tint Shop, Inc.*, 2018 WL 4658211 at *6 (holding that the plaintiff's fraud-based claims were based upon independent legal duties and were therefore not impermissibly duplicative of plaintiff's breach of contract claims).

Perrigo also argues that International Vitamin failed to specifically plead these legal duties in its counterclaims.  Perrigo points to no authority, however, that requires such hypertechnicalities.

To the extent that Perrigo is arguing that it can escape liability for intentional concealment because it had no duty to speak about the business before the sale, it is well-established that, "if a person undertakes to speak, he then has a duty to make a full and fair disclosure as to the matters about which he assumes to speak." *Lock v. Schreppler*, 426 A.2d 856, 862 (Del. Super. Ct. 1981).  In other words, once Perrigo decided to relate information about the business during the parties' negotiations, it had a duty to relate *accurate* information.

¹⁹ ECF No. 34.

²⁰ *Kuhn Construction, Inc. v. Diamond State Port Corp.*, 990 A.2d 393, 397 (Del. 2010).

Vitamin's rights "in the case of fraud."[21] Therefore, § 4.28 cannot be read as barring International Vitamin's tort claims, both of which are based on fraud.

Finally,[22] Perrigo argues that International Vitamin's tort claims are barred by the economic loss doctrine. While this doctrine does generally "limit[] a contracting party's ability to recover in tort to losses accompanied by bodily harm or property damages and prohibits recovery for losses that are solely economic in nature,"[23] there are certain exceptions to this doctrine, including for claims of fraudulent inducement and intentional concealment.[24] This is not a ground, therefore, on which to dismiss International Vitamin's tort claims.

---

[21] Asset Purchase Agreement § 5.8(b).

[22] In its Reply Brief (ECF No. 41), Perrigo argues that International Vitamin's claims should be dismissed because of the "gist-of-the action" doctrine. Because this argument was raised for the first time in a reply brief, this Court may consider it waived. *Teleconference Systems v. proctor & Gamble Pharmaceuticals, Inc.*, 676 F. Supp. 2d 321, 331 n.13 (D. Del. 2009) ("Issues raised for the first time in a reply brief should not be heard.").

Even if this Court were to consider the argument, however, it would consider the argument meritless, since—as discussed above—International Vitamin is alleging more than mere breach of contract. *See Livery Coach Solutions, LLC v. Music Express/East, Inc.*, 245 F. Supp. 3d 639, 644 (D. Del. 2017) (noting that the doctrine "precludes tort suits for mere contractual breaches, requiring a plaintiff to point to independent events giving rise to the tort"); *Aviation West Charters, LLC v. Freer*, 2015 WL 5138285 at *6 (Del. Super. Ct. July 2, 2015) (noting the distinction between claims alleging fraudulent inducement to contract and claims alleging breach of contract).

[23] *OC Tint Shop, Inc.*, 2018 WL 4658211 at *6.

[24] *Id.*

Disposition

**IT IS HEREBY ORDERED** that:

1. Perrigo Corporation's Motion to Dismiss, ECF No. 21, is **DENIED AS MOOT**.

2. Perrigo Corporation's Motion to Dismiss, ECF No. 32, is **DENIED**.

3. International Vitamin Corporation's Request for Oral Argument, ECF No. 42, is **DENIED**.

4. Perrigo Corporation's answer to International Vitamin Corporation's counterclaims is due within 14 days of the date of this Order.

                                                        BY THE COURT:

                                                       *s/ Matthew W. Brann*
                                                       Matthew W. Brann
                                                       United States District Judge